**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| | Case No. 3:05CR00054(1) |
| Plaintiff, : | |
| | |
| vs. : | District Judge Thomas M. Rose |
| | Magistrate Judge Sharon L. Ovington |
| OCTAVIO JIMENEZ QUINTERO, : | |
| | |
| Defendant. : | |

### REPORT AND RECOMMENDATIONS[1]

This case came on for hearing on May 24, 2005.  The United States was represented by Assistant United States Attorney Laura I. Clemmons, Esq., and Defendant was represented by Diane M. Menashe, Esq.

The parties have entered into a plea agreement, which has been filed of record.  The undersigned carefully inquired of Defendant regarding his understanding of the agreement as well as his competence to understand the agreement.  Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty to the amended version of Count 2 of the Indictment is knowing, intelligent, and voluntary.  Based on the statement of facts as set forth in the plea colloquy the undersigned finds that there is a sufficient factual basis for a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

finding of guilt as to the amended version of Count 2.

It is accordingly recommended that the Court accept the plea of guilty to the amended version of Count 2 of the Indictment and find Defendant guilty as charged in such Count of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(vii). The Magistrate Judge advised Defendant of the decision in *United States v. Booker,* __ U.S.___, 125 S.Ct. 738 (2005), and that its effect would be that the Court would consider the guideline range applicable to the case but would not be bound to sentence within that range as a matter of law.

Pending the Court's acceptance of Defendant's plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and his conditions of pretrial release have been continued.

June 6, 2005

                                         s/ Sharon L. Ovington
                                            Sharon L. Ovington
                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).